Raymond R. BEAUFORT et al.

v.

Charles NOBLES, III et al.

v.

GENERAL HOME INSPECTORS, INC.

No. 94-673-Appeal.

Supreme Court of Rhode Island.

Dec. 11, 1995.

Gregory Madoian, Providence, for Plaintiff.

Carol Nicholson Glick, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 3, 1995, pursuant to an order directing the plaintiffs to appear and show cause why their appeal should not be summarily decided. The plaintiffs, Raymond R. Beaufort and Louise Beaufort, appeal from a Superior Court order denying their motion for a new trial. After reviewing the memoranda submitted by the parties and hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiffs filed a complaint against defendants, Charles Nobles, III and Cleo Nobles, seeking damages for defendants' alleged breach of a purchase and sale agreement. In response, defendants filed a counterclaim, seeking the return of their deposit. The defendants also filed a third-party complaint against General Home Inspectors, Inc., the company that had performed the structural inspection on the subject property. Prior to trial, General Home Inspectors, Inc., filed for bankruptcy and is not involved in this appeal.

■ Evidence presented at trial established that after the parties entered into the purchase and sale agreement, defendants arranged for a structural inspection of the property as set forth in their agreement. Thereafter, defendants informed plaintiffs of three problems—water was leaking into the basement; the steel reinforcement rods, the water-pipe entrance, and sections of the foundation needed sealing; and the water runoff had to be redirected and the property regraded.

The plaintiffs testified that they resealed the foundation in the furnace area and made a few other repairs. The defendants notified plaintiffs by letter that the work done did not solve what they deemed potentially serious problems. The plaintiffs testified that they felt that they had resolved defendants' concerns with the property. The defendants did not attend the scheduled closing. Subsequently, plaintiffs sold the property to another at an alleged loss of $40,076 dollars.

The defendants testified that they were concerned about water seeping into the basement and that plaintiffs' repairs did not adequately address this problem. The jury returned a verdict in favor of defendants both

on plaintiffs' complaint and on defendants' counterclaim of $12,500 dollars, and plaintiffs' motion for a new trial was denied. On appeal plaintiffs challenge the trial justice's denial of their motion for a new trial, claiming that they had performed all reasonable repairs necessary under the agreement.

In considering a motion for a new trial, a trial justice independently appraises the evidence, setting aside the verdict only when he or she believes it to be contrary to the weight of the evidence. The verdict should stand, however, if the evidence is evenly balanced or is such that different minds could fairly come to different conclusions. *Izen v. Winoker*, 589 A.2d 824, 828–29 (R.I.1991). Upon review of the record the court is satisfied that the trial justice did not overlook or misconceive material evidence, nor was he otherwise clearly wrong.

For these reasons the plaintiffs' appeal is denied and dismissed. The judgments appealed from are affirmed, and the papers of the case are remanded to the Superior Court.